KOFFSKY SCHWALB LLC

**Tal S. Benschar**
tbenschar@koffskyschwalb.com

500 Seventh Avenue, 8th Floor
New York, New York 10018
T: 646.553.1590
F: 646.553.1591
www.koffskyschwalb.com

April 29, 2026

**VIA ECF**

Hon. André M. Espinosa
United States Magistrate Judge
Martin Luther King Jr. Courthouse
50 Walnut Street
Room 2037, Courtroom 2D
Newark, NJ 07102

Re: *Netgear, Inc. v. Choice Electronics Inc.*
No. 2:26-cv-02358-ES-AME

Dear Judge Espinosa:

As the Court is aware, this is a satellite action to enforce a subpoena. The main case is pending in the Northern District of California, Case No. 3:25-cv-02601. The undersigned represents a New Jersey company that is the recipient of a subpoena from the plaintiff and a supplier to the defendant ("Supplier"). As directed by the Court, we write to set forth Supplier's position.

Enforcement of the Subpoena Should Be Stayed

We wrote to the Court on April 20, 2026 (ECF No. 13) requesting that the Court stay enforcement of the subpoena until after May 11, 2025, when the parties in the main action are scheduled for mediation. Supplier repeats this request.

As noted in our prior letter, the same counsel for Netgear brought an action on behalf of a different trademark owner, Corsair Gaming, Inc., against the same defendant, in the Northern District of California. Counsel served a subpoena to Supplier in that matter, whose enforcement was before Magistrate Judge Day in this Court. *Corsair Gaming, Inc. v. Choice Electronics Inc.*, Civil Action No. 3:25-cv-18960-GC-JBD. After Supplier filed an opposition, and two hearings were held, the *Corsair* case settled, obviating the need for non-party discovery from Supplier.

Notably, that settlement occurred before Supplier produced *any* documents. This contradicts Netgear's contention that it needs the documents for settlement discussions. We see no reason that Supplier, a non-party, should be burdened with production when the case may well settle in the near future.

Framework for Production

The Court has indicated that it is inclined to follow Judge Day's framework in the *Corsair* case. In the event the case does not settle, Supplier would be agreeable to the same framework.

Specifically, Judge Day ordered as follows:

1. Plaintiff would produce invoices showing sales by Supplier to the Defendant.
2. Supplier would then produce a spreadsheet of purchases from Amazon of product that was sold to the Defendant.
3. Supplier was not required to produce individual order confirmations and invoices as to all purchases. Rather, Supplier would only be required to produce samples. The parties would then confer as to how many samples would be produced. If the parties could not agree, then they would return to the Court for a ruling.
4. Supplier would then sit for deposition of not more than two hours.

Netgear's counsel has produced four invoices. If the case does not settle, Supplier would be agreeable to proceeding with the above framework in this case.

Supplier does object to any requirement beyond that ordered by Judge Day in the *Corsair* case. The order proposed by Netgear in its latest submission goes beyond that framework.

Respectfully Submitted,

Tal S. Benschar

cc: Netgear Counsel, via ECF