**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| NETGEAR, INC.<br><br>Plaintiff,<br><br>v.<br><br>CHOICE ELECTRONICS INC.,<br><br>Defendant. | CIVIL ACTION<br><br>No. 2:26-cv-02358-ES-AME<br><br>**Currently pending in:**<br>**United States District Court for the Northern District of California**<br>**Case No. 2:25-cv-02601**<br><br>**[PROPOSED] ORDER GRANTING IN PART NETGEAR, INC.'S MOTION TO ENFORCE SUBPOENA ON SUPPLIER** |

**THIS MATTER** having come before the Court upon the motion of counsel for Plaintiff NETGEAR, Inc. ("Netgeart") for the entry of an Order granting Plaintiff's Motion to Enforce Subpoena on Supplier.[1] The Court having considered the moving and opposition papers, and supplemental authorities submitted by the parties regarding a similar subpoena enforcement action decided by Hon. J. Brendan Day U.S.M.J., the Court makes the following Findings of Fact and Conclusions of Law:

[1] Defendant Choice Electronics Inc. classifies its supplier information, including the identity of the Non-Party Supplier that is the subject of the subpoenas, as trade secret information. The motion has been filed under seal, with a version that redacts the Supplier name also filed. (ECF No. 1 and 2). To avoid the need for further sealing, "Supplier" is used to refer to the respondent of the subpoena-at-issue herein.

**FINDINGS OF FACT**

1. Netgear has brought an action against Choice Electronic Inc. ("Choice") pending in the Northern District of California.

2. The Complaint purports to assert claims for trademark infringement and false advertising under the Lanham Act.

3. Netgear's core allegation is that Choice "is an unauthorized reseller of NETGEAR Products."

4. Choice has raised the first sale doctrine as a defense.

5. Netgear's Complaint also alleges that Choice "advertises 'new' NETGEAR but fulfills orders with liquidated, used or non-genuine product of unknown origin."

6. On January 8, 2026, Netgear issued document and deposition subpoenas to Supplier. The document subpoena seeks "***[a]ll*** documents and communications" concerning Supplier's purchase of NETGEAR-brand products, regardless of whether those products were ultimately sold to Choice, (Requests 1 & 2) and concerning Supplier's sale of NETGEAR-brand products to Choice (Requests 3 & 4). The deposition subpoena contains a similarly broad list of topics.

7. On January 22, 2026, Supplier timely objected to the Subpoenas. Supplier explained that, regardless of relevance, Netgear's subpoena was overly broad.

8. Document Requests 1 and 2 of the subpoena seek ***all*** documents concerning Supplier's acquisition of ***all*** products over which Netgear claims trademark rights:

> <u>Subpoena Request No. 1</u>
> All documents and communications concerning [Supplier's] acquisition, source, or purchase of products bearing any NETGEAR trademarks or brand names (the "NETGEAR Products"), from January 1, 2022 to the present.

> Subpoena Request No. 2
>
> All invoices, purchase orders, receipts, or similar records evidencing [Supplier's] acquisition, source, or purchase of NETGEAR Products from January 1, 2022 to the present.

9. Document Requests 3 and 4 of the Subpoena seek ***all*** documents concerning Supplier's sale of Netgear products:

> Subpoena Request No. 3
> All documents and communications concerning [Supplier's] sale, offer for sale, or distribution of NETGEAR Products from January 1, 2022 to the present involving Choice Electronics.
>
> Subpoena Request No. 4
> All invoices, purchase orders, receipts, or similar records evidencing [Supplier's] sale or distribution of NETGEAR Products from January 1, 2022 to the present involving Choice Electronics.

10. A similar motion to enforce a subpoena was brought by the same counsel representing a different plaintiff, *Corsair Gaming, Inc. v. Choice Electronics Inc.*, Docket No. 3:25-cv-18960 against the same Supplier. The Hon. J. Brendan Day U.S.M.J. heard the motion to enforce, and ordered as follows:

a. Plaintiff would produce invoices showing sales by Supplier to the Defendant.

b. Supplier would then produce a spreadsheet of purchases from Amazon of product that was sold to the Defendant.

c. Supplier was not required to produce individual order confirmations and invoices as to all purchases. Rather, Supplier would only be required to produce samples. The parties would then confer as to how many samples would be produced. If the parties could not agree, then they would return to the Court for a ruling.

d. Supplier would then sit for deposition of not more than two hours.

11. In this matter, Netgear produced four invoices to Supplier's counsel. One invoice showed the purchase of a single unit; the others show multiple units sold. The total number sold exceeds 500.

12. Supplier purchased the Netgear items at issue on Amazon.com, in small purchases of one or two units. Supplier then sold them to defendant Choice.

13. Supplier has offered to produce a spreadsheet generated from its records, showing all of its acquisitions from Amazon of NETGEAR product that it then sold to Choice. The spreadsheet would show all information about the Amazon acquisition, including order numbers, Order date, Order ID, Product Description, Amazon Standard Identification Number (ASIN), quantity, price and shipping status of each order.

**CONCLUSIONS OF LAW**

14. Although the scope of discovery is broad, it is "not unlimited and may be circumscribed." *Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 191 (3d Cir. 1999).

15. "Such limitation may be particularly appropriate in the context of third-party subpoenas, as the standards for nonparty discovery require a stronger showing of relevance than for simple party discovery." *Phillips v. Archdiocese of Newark*, No. 18-12207 (MCA) (LDW), 2023 WL 3303594, at *3 (D.N.J. May 8, 2023) (internal quotation omitted).

16. "A court may limit or deny otherwise appropriate discovery when the information sought is not proportional to the needs of the case when certain factors are considered, including burden and expense." *In re EthiCare Advisors, Inc.*, No. CV 20-1886 (WJM), 2020 WL 4670914, at *3 (D.N.J. Aug. 12, 2020).

17. The standard is higher for a non-party. Rule 45 provides:

> A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject

> to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

Rule 45(d)(1), Fed.R.Civ.P.

18. Thus, "a non-party to litigation is afforded greater protection from discovery than a party." *Korotki v. Cooper Levenson, Apr., Niedelman & Wagenheim, P.A.*, No. 20-11050 (CPO/MJS), 2022 WL 2191519, at *3 (D.N.J. June 17, 2022) (internal quotation omitted); *see also, e.g.*, *Chazanow v. Sussex Bank*, No. CIV.A. 11-1094 CCC, 2014 WL 2965697, at *3 (D.N.J. July 1, 2014) ("PNC is a non-party and therefore is afforded greater protection from discovery than a normal party.").

**Document Requests**

19. The document requests contained in the subpoena are overbroad, in that they require production of ***all*** documents concerning acquisition of NETGEAR products, even those not sold to Choice. They are not relevant to Netgear's claims in the Northern District of California. Supplier is not obligated to produce these documents.

20. Consistent with the offer of Supplier and the prior Order of Magistrate Judge Day in the *Corsair* matter, it is reasonable to require Supplier to produce the spreadsheet it offered.

21. Given that there are over 500 units representing approximately 500 individual purchases by Supplier from Amazon, it would be overly burdensome to require Supplier to produce invoices or order confirmation as to every purchase. As noted, Magistrate Judge Day only required production of samples in the *Corsair* matter. It is reasonable to require Supplier to produce sample documents for five (5) sample purchases from Amazon that were then sold to Choice on each of the three invoices with multiple sales, and the one purchase reflected in the invoice with a single unit sale.

**Deposition**

22. Deposition Topics 1 and 2 are overbroad to the extent that they concern Supplier's acquisition of Netgear products not sold to Choice. These topics are narrowed to be limited only to acquisition of Netgear products sold to choice.

23. It is reasonable to require Supplier to sit for deposition of not more than two (2) hours on the topics listed in the Subpoena. As noted, such was ordered by Magistrate Judge Day in the Corsair matter.

24. So as not to burden Supplier, such deposition shall either be taken remotely, or if taken live, at a location not more than ten miles from Lakewood, New Jersey, Supplier's place of business.

**IT IS** on this day, ____________________, **ORDERED** that:

Plaintiff's Motion to Enforce Subpoena on Supplier is **GRANTED IN PART ON THE FOLLOWING TERMS:**

1. Supplier shall produce a spreadsheet identifying its sale of NETGEAR products to Choice Electronics within 15 days of the date of this Order;
2. Supplier shall also produce sample invoices and/or confirmation orders from Amazon. For each of the three invoices involving sales of multiple units to Choice, Supplier shall produce documents of five (5) sample orders corresponding to items sold to Choice for each of the three invoices. As to the invoice with a single unit sale, Supplier shall produce the documentation as to the single purchase. Such documents shall be produced within twenty (20) days of this Order.

3. Supplier shall sit for a deposition on the topics noticed (as narrowed above) lasting no more than two (2) hours, taken either remotely or at a location not more than 10 miles from Lakewood, NJ. Such deposition shall take place within 45 days of this Order.

______________________________
Hon. Andre M. Espinosa, U.S.M.J.