**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| NETGEAR, INC.,<br><br>Plaintiff,<br><br>v.<br><br>CHOICE ELECTRONICS INC.,<br><br>Defendants. | **Case No. 2:26-cv-02358-ES-AME**<br><br>**Currently pending in:**<br><br>**United States District Court for the Northern District of California**<br><br>**Case No. 3:25-cv-02601**<br><br>**ORDER GRANTING NETGEAR, INC.'S MOTION TO ENFORCE SUBPOENA ON SUPPLIER** |

**THIS MATTER** having come before the Court upon the motion of counsel for Plaintiff NETGEAR, Inc. for the entry of an Order granting Plaintiff's Motion to Enforce Subpoena on Supplier.[1] The Court having considered the moving and opposition papers, and supplemental authorities submitted by the parties regarding a similar subpoena enforcement action decided by Hon. J. Brendan Day U.S.M.J., the Court makes the following Findings of Fact and Conclusions of Law:

[1] "Supplier" will be used to identify the respondent to the subpoena given its perceived confidentiality issues.

**FINDINGS OF FACT**

1. This action involves a Subpoena to Produce Documents in a Civil Action and a Subpoena to Testify at a Deposition in a Civil Action (collectively the "Subpoenas") issued in the action pending before the United States District Court for the Northern District of California, Case No. 3:25-cv-02601 (the "Underlying Action").

2. Plaintiff served the Subpoenas upon the non-party referred to as the "Supplier."

3. In the Underlying Action, NETGEAR alleges that Defendant Choice Electronics engaged in the wrongful advertisement and sale of NETGEAR products on online platforms including Amazon.com.

4. More specifically, NETGEAR alleges that Choice Electronics sold NETGEAR products in the United States that are manufactured specifically for the Canadian market and for which Choice Electronics lacks authority to sell.

5. Moreover, NETGEAR alleges that Choice Electronics sold NETGEAR products that were stolen products.

6. Choice Electronics disputes these allegations and raised defamation concerns against NETGEAR.

7. Choice further raised the affirmative defenses known as the First Sale Doctrine in the Underlying Action, which placed at issue discovery into the chain of custody of the NETGEAR products.

8. The foregoing makes clear that the origin or "first sale" of the alleged offending NETGEAR products are at issue in the Underlying Action.

9. On January 8, 2026, NETGEAR issued subpoenas to Supplier seeking records concerning Supplier's acquisition, sale, and distribution of NETGEAR products supplied to Choice Electronics, with a production deadline of January 29, 2026.

10. NETGEAR also noticed the deposition of Supplier's corporate representative for February 5, 2026.

11. NETGEAR served the Subpoenas on January 9, 2026, and on January 22, 2026, Supplier served objections to the Subpoenas.

12. With respect to document production, Supplier offered to produce a "made-for-litigation" spreadsheet purportedly showing all of its acquisitions of NETGEAR products sold to Choice Electronics. It is unclear what information would be represented in the spreadsheet. Supplier also offered to produce a declaration stating that all NETGEAR products were purchased on Amazon.

13. NETGEAR contends that, in order to verify the origin and state of the products at issue, NETGEAR requires the spreadsheet but also the supporting materials, including invoices between Amazon.com and Supplier, credit card or account statements showing amounts paid for the NETGEAR products, and WhatsApp messages between Supplier and Choice Electronics evidencing the knowledge of the condition of the products sold. A simple declaration stating that products are received from Amazon is insufficient as Amazon sells products in varying conditions (used, new, like-new) and from varying products sources (straight from brands and from other third-party resellers). Accordingly, saying that a product was "purchased on Amazon" is of little evidentiary value to the issues in dispute.

14. With respect to deposition testimony, Supplier refuses to appear for a deposition for more than one hour and has insisted that the deposition proceed either remotely or within ten miles of Lakewood, New Jersey.

15. NETGEAR offered to limit the deposition to four hours and to schedule it at a mutually convenient location at either K&L Gates LLP's Newark office or at Supplier's counsel's office. Indeed, it would be more costly to rent space solely to take a deposition.

16. Ultimately, Supplier produced no documents in response to the Subpoenas and has not appeared for a deposition.

17. NETGEAR filed its Motion to Enforce Subpoena on Supplier on February 27, 2026.

**CONCLUSIONS OF LAW**

18. Federal Rule of Civil Procedure 26 permits discovery of any nonprivileged matter relevant to a party's claims or defenses and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(l).

19. Rule 45 authorizes a party to compel a non-party to produce documents and provide testimony relevant to the litigation. Fed. R. Civ. P. 45(a)(l).

20. In addition, Rule 30 permits a party to depose any person, and attendance may be compelled through Rule 45. Fed. R. Civ. P. Rule 30(a)(l).

21. Pursuant to Rule 26(b)(l) "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(l). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.*

22. "Courts have construed [Rule 26] liberally, creating a broad range for discovery which would encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Munich Reinsurance Am., Inc. v. Am. Nat'l Ins. Co.,* No. 09-6435 (FLW), 2011 WL 1466369, at *10 (D.N.J. Apr. 18, 2011) (quoting *Jones v. Derosa,* 238 F.R.D. 157, 163 (D.N.J. 2006)); *see also Caver v. City of Trenton,* 192 F.R.D. 154, 159 (D.N.J. 2000).

23. "Review of all relevant evidence provides each party with a fair opportunity to present an effective case at trial." *Munich,* 2011 WL 1466369, at *10 (internal citations omitted). "Whether certain documents are relevant is viewed in light of the allegations of the complaint, not as to evidentiary admissibility." *Id.* (citations omitted).

24. By raising the First Sale Doctrine, Choice Electronics put at issue documents concerning its supply chain of NETGEAR products. *See Maui Jim, Inc. v. SmartBuy Guru Enterprises*, No. 16 C 9788, 2017 WL 5895143 (N.D. Ill. Nov. 27, 2017); *Pendleton Woolen Mills, Inc. v. Kraff's Men's Wear Co.*, No. 3:14-CV-628-PK, 2014 WL 7777762, at *8 (D. Or. Nov. 21, 2014), *aff'd*, 2015 WL 500846 (D. Or. Feb. 2, 2015) (holding that assertion of the first sale doctrine places supplier information within the scope of Rule 26(b)(1)); *Adobe Sys. v. Kornrumpf*, No. C-10-02769-CW (DMR), 2011 U.S. Dist. LEXIS 80613, at *5 (N.D. Cal. July 25, 2011) ("Defendants have put their supplier information at issue by invoking the first sale doctrine . . . ."); *Coach, Inc.*, 2009 WL 10675238, at *1. As one court succinctly put it, *"I don't know how [the defendant's affirmative defense] can be decided without understanding who the supplier is to [defendant]." Bare Escentuals Beauty, Inc. v. Costco Wholesale Corp.*, No. 07CV90, 2007 WL 4357672, at *3 (S.D. Cal. Dec. 11, 2007) (emphasis in original).

25. This Court finds that the documents sought in the Subpoenas are relevant to the Underlying Action and discoverable.

26. This Court further finds that the relevance of the documents overcomes Supplier's burden concerns.

27. This Court further finds that, in a matter involving the same Supplier but a different plaintiff, the Hon. J. Brendan Day U.S.M.J. Ordered Supplier to produce a spreadsheet containing information regarding Supplier's purchase of plaintiff's products in an order dated April 7, 2026. *See Corsair Gaming, Inc. v. Choice Electronics Inc.*, Docket No. 3:25-cv-18960, ECF No. 25.

**IT IS** on this day, September 3, 2026, **ORDERED** that:

Plaintiff's Motion to Enforce Subpoena on Supplier is **GRANTED;**

Supplier shall produce a spreadsheet identifying its sale of NETGEAR products to Choice Electronics within 15 days from the date of this Order;

Supplier shall also produce underlying documents that reflect the source and condition of the NETGEAR products Supplier procured, including, but not limited to, Supplier's invoices between Amazon.com and Supplier, credit card or account statements showing amounts paid for the NETGEAR products, and WhatsApp messages between Supplier and Choice Electronics, within 15 days from the date of this Order;

Supplier shall sit for a deposition lasting no more than four (4) hours taken at either K&L Gates LLP's Newark office or at Supplier's counsel's office or at a mutually agreeable location, within 45 days.



Hon. Andre M. Espinosa, U.S.M.J.